UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 FEB -8 AM 10: 16

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) ) Case No: 2:24-cv-133 |
| v. | ) ) |
| 1039 ECHOLS DRIVE, FRISCO, TEXAS, 75306, | ) ) |
| *Defendant.* | ) ) |

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America (the "United States"), by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, brings this verified complaint and alleges, upon information and belief, as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to enforce the provisions of 18 U.S.C. § 985 through forfeiture of the defendant property, 1039 Echols Drive, Frisco, Texas, 75306, with all appurtenances and improvements thereon (the "Property"). The Property was purchased with funds that constitute proceeds of a "pig butchering" fraud scheme or were involved in the commission of a fraudulent offense, in violation of Title 18, United States Code, Sections 1956 (laundering of monetary instruments and conspiracy to commit money laundering) and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 19 U.S.C. §§ 1602 et seq. by 18 U.S.C. § 981(d).

## JURISDICTION AND VENUE

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), as this is a civil action commenced by the United States for the recovery and enforcement of a forfeiture under federal law and, as detailed herein, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), the Defendant Property is forfeitable as it was involved in and is derived from, derived from proceeds of, or traceable to laundering of funds obtained through an internet-based wire fraud scheme in violation of 18 U.S.C. §§ 1956 and 1957.

3. The Court has subject-matter jurisdiction over the Property pursuant to 28 U.S.C. §§ 1355(b)(1)(A), as certain acts or omissions giving rise to forfeiture occurred with in this District. Further, the Court has *in rem* jurisdiction over the Property pursuant to 18 U.S.C. § 985.

4. Likewise, this District is a proper venue for this action pursuant to 28 U.S.C. § 1355(b)(2) because certain acts or omissions giving rise to forfeiture occurred in this District.

5. Upon filing this Complaint, the Plaintiff requests that the Court issue a Writ of Entry pursuant to Supplemental Rule G(3)(a) and 18 U.S.C. §§ 983(j) and 985(b)(2), which the Plaintiff will execute upon the Property pursuant to Supplemental Rule G(3)(c).

6. The Property is more particularly described in Exhibit A, which is attached hereto and fully incorporated by reference.

7. The recorded owners of the Property are Chen Feng and Tianqiong Xu. Feng and Xu purchased the property in November 2022.

## STATEMENT OF FACTS

8.  The pertinent facts supporting this claim are contained in the attached declaration of F.B.I. Special Agent Andrew Braley, incorporated herein.

## FIRST CLAIM FOR RELIEF

## (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C))

9.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of" 18 U.S.C. §§ 1956 or 1957, "or any property traceable to such property", is subject to forfeiture to the United States.

11. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), is subject to forfeiture to the United States.

12. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. §§ 1956 (relating to the laundering of monetary instruments) and 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

13. The Defendant Property is real property which constitutes or is derived from, derived from proceeds of, or traceable to a money laundering offense in violation of 18 U.S.C. §§ 1956 and 1957.

14. Accordingly, all right, title and interest in the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

15. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Defendant Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

### PROCEDURE FOR RESTRAINING THE PROPERTY

16. The Property has not been seized and the government does not request authority from the Court to seize the defendant real Property at this time. Pursuant to 18 U.S.C. §§ 985(b)(1) and (c)(1), the government will instead do the following:

   a. Post notice of this action and a copy of the Complaint on the Property;

   b. Serve notice of this action and a copy of this Complaint on the real property owner and any other person or entity who may claim an interest in the real property or otherwise comply with 18 U.S.C. § 985(c)(2); and

   c. File a *lis pendens* in the county records of the real Property's status as a defendant in this *in rem action* pursuant to 18 U.S.C. § 985(b)(2).

### POTENTIAL CLAIMANTS

17. The potential claimants to the real property are Feng Chen and Tianqiong Xu. As set forth in the incorporated affidavit of F.B.I. Special Agent Andrew Braley, Chen and Xu left the United States on or about January 11, 2024 for China.

### CLAIM FOR RELIEF

18. Wherefore, the United States respectfully requests that the Court issue a Writ of Entry for the Property; provide due notice to all parties to appear and show cause why the forfeiture should not be decreed; enter a judgment declaring the Property to be condemned and forfeited to the United States; and award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Dated at Burlington, in the District of Vermont, this 8th day of February, 2024.

                Respectfully submitted,

                NIKOLAS P. KEREST
                United States Attorney

By: *[signature]*
                EUGENIA A.P. COWLES
                Assistant U.S. Attorney
                U.S. Attorney's Office
                P.O. Box 570
                Burlington, VT 05402-0570
                (802) 951-6725
                eugenia.cowles@usdoj.gov
                *Attorney for the Plaintiff*

## **VERIFICATION**

I, Andrew Braley, a Special Agent with the Federal Bureau of Investigation, hereby verify pursuant to 28 U.S.C. § 1746 under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 8th day of February, 2024.

                */s/ Andrew Braley*
                Andrew Braley
                Special Agent, FBI