UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2:24-cv-00133 |
| 1039 ECHOLS DRIVE, FRISCO, TEXAS, 75306, | ) ) ) ) |
| Defendant. | ) ) |

## STIPULATION AND SETTLEMENT AGREEMENT

The Plaintiff, the United States of America, by its attorneys, Nikolas P. Kerest, United States Attorney for the District of Vermont, and Eugenia A. P. Cowles, Assistant United States Attorney; and Claimants Feng Chen and Tianqiong Xu, by and through their attorney, F. Clint Broden, Esq., Broden & Mickersen, Dallas, Texas, hereby stipulate and agree as follows:

1. On February 8, 2024, the United States filed a Verified Complaint for Civil Forfeiture *In Rem* against the defendant real property commonly known as 1039 Echols Drive, Frisco, Texas, with all appurtenances and improvements thereon ("the Property");

2. The Complaint alleges that the Property was purchased with funds that constitute proceeds of a "pig butchering" fraud scheme or were involved in the commission of a fraudulent offense, in violation of Title 18, United States Code, Sections 1956 (laundering of monetary instruments and conspiracy to commit money laundering) and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 19 U.S.C. §§ 1602 et seq. by 18 U.S.C. § 981(d).

3. The Notice of the Verified Complaint of Forfeiture was recorded on February 22, 2024, in the City of Frisco Land Records pertaining to 1039 Echols Drive, Frisco, Texas, 75306 with all appurtenances and improvements thereon, more fully described as Lot 5, Block D, WINDROSE AT PHILLIPS CREEK RANCH, a division of the city of Frisco, Denton County, Texas, according to the Plat thereof, recorded in volume 2013, page 337, Plat Records, Denton County, Texas;

4. On March 25, 2024, the Claimants, by their attorney F. Clint Broden, Esq., filed a Verified Claim to the defendant property. Absent acceptance of the proposed settlement, their answer will be due on April 16, 2024.

5. The Claimants are the only claimants known to have an interest in the defendant property and no other claims or answers have been filed in this action and the time for filing such a claim pursuant to Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure has expired.

6. The Plaintiff United States and Claimants Chen and Xu hereby stipulate and agree to fully and finally resolve the claim filed by Chen and Xu on the following terms.

7. The Claimants agree that by their execution of the Agreement, they hereby withdraw their claim to the defendant property conditioned on the terms of this Agreement being complied with.

8. The parties agree to the entry of judgment on the complaint for forfeiture *in rem* in favor of the United States in accordance with the terms of this Stipulation and Settlement Agreement (hereinafter, the "Agreement").

9. The parties agree that after the United States obtains judgment to the defendant property, the defendant property will be disposed of as follows:

    (a)    Upon the entry of judgment pursuant to this Agreement, the United States will facilitate sale of the property to the identified buyer for $1,455,000.00.

(b) Within ninety (90) business days of the defendant property being sold, the United States will notify the Claimants and transfer to them $200,000 from the Net Sale Proceeds of the defendant property.

(c) The "Net Sale Proceeds" of the Property shall be calculated as the gross sale proceeds that the United States realizes from its sale of the Property, less the following amounts:

(1) Any and all costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer frees, and all other costs and expenses that the United States Marshals Service ("USMS") incurs in connection with its custody, management, maintenance, repair and sale of the Property;

(2) Any and all outstanding property taxes to the appropriate county assessor and tax collector, to the date of the entry of the Final Judgement of Forfeiture, special assessments and any other state governmental assessments imposed by statute;

(3) Any condominium association charges and assessment or homeowner's association charges and assessments; and

(4) Any other valid liens. Neither party to this Agreement is currently aware of any such lien.

(5) Under no circumstances shall the United States owe payment to the Claimant if the Net Sale Proceeds do not exceed $200,000.00.

10. The Claimants upon receipt of the $200,000.00 as set forth above, hereby release and forever waive any and all claims or causes of action they now have or may have in the future have against the United States, its agencies, or any state, county or local government agencies or

any officers, employees, or agents of any of those entities as a result or in connection with the seizure or custody of the defendant property or in connection with this proceeding.

11. The Court shall retain jurisdiction in this cause of action for the purpose of enforcing this agreement.

Dated at Burlington, in the District of Vermont, April 10, 2024.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: *[signature]*
EUGENIA A. P. COWLES
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Eugenia.Cowles@usdoj.gov

By: *[signature]*
F. CLINTON BRODEN, Esq.

By: *[signature]*
TIANQIONG XU

By: *[signature]*
FENG CHEN

So Ordered:

4

_____
Hon. Geoffrey W. Crawford
Chief, United States District Court Judge
District of Vermont